UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES THOMPSON, | ) | CIV. 12-5050-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | AMENDED |
| BUTTE COUNTY, SOUTH DAKOTA, as | ) | REPORT & RECOMMENDATION |
| an individual respondant superior for | ) | AND ORDER DENYING |
| county officials; | ) | DEFENDANTS' |
| BUTTE COUNTY SHERIFF | ) | MOTION TO DISMISS |
| FRED LAMPHERE; | ) | AND GRANTING DEFENDANTS' |
| DEPUTY GARY BRANER; | ) | MOTION FOR SANCTIONS |
| DEPUTY TRISTAN CLEMENTS; | ) | |
| DEPUTY DOUG PARROW; | ) | |
| BUTTE COUNTY STATES ATTORNEY; | ) | |
| HEATHER PLUNKETT; | ) | |
| ASST. TIMOTHY VANDER HEIDE; | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

On July 23, 2012, plaintiff James Thompson, appearing *pro se*, filed a complaint against defendants above-named, alleging violations of his constitutional rights by defendants, although in truth, the court is at a loss to understand exactly what acts took place that Mr. Thompson bases his claims on and what constitutional rights were violated by which acts. See Docket No. 1. Previously, the court dismissed the three judicial defendants, the Honorable Circuit Court Judge Randall Macy, the Honorable Circuit Court Judge John

Bastian, and the Honorable Magistrate Judge Michelle Percy. See Docket Nos. 35 and 57. Now pending before the court is a motion to dismiss Mr. Thompson's complaint against the remaining defendants or, in the alternative, a motion for default judgment, or for sanctions. See Docket No. 54.

## FACTS

The defendants' motion to dismiss is based on Mr. Thompson's refusal to engage in the discovery process. The court notes that early on in this litigation, the court sent to Mr. Thompson copies of Federal Rules of Civil Procedure 12 and 26-37. In addition, the court supplied Mr. Thompson with a complete copy of this district's local rules of civil procedure. It is this court's entirely reasonable expectation that Mr. Thompson would have read these documents.

On April 15, 2013, defendants served Mr. Thompson with written interrogatories and requests for the production of documents. See Docket No. 56-2. Defendants, like this court, sought to understand what, exactly, Mr. Thompson is claiming in this lawsuit. The questions in the discovery requests are straight forward. For example, the third interrogatory states as follows:

> 3. In your Complaint dated November 2, 2012, you sued Butte County.
>    (a) State the specific claim that you are making against Butte County;
>    (b) State the specific facts and dates that you allege support your claim against Butte County;
>    (c) Are you claiming money damages against Butte County as a result of your claim against the County? If so, state the dollar amount of any such damages and the facts that support such claim.

>   (d) Do you have any written documents that you claim will support your claims against Butte County, including any damages? If so, please produce these documents.

See Id. The interrogatories posed similar questions as to each named defendant. The discovery requests explained that defendants were making these requests pursuant to Federal Rule of Civil Procedure 33 and 34. The instructions accompanying the discovery requests explained to Mr. Thompson that he was required to serve answers, under oath, to the questions within 30 days. Id.

Counsel for the defendants also sent a cover letter to Mr. Thompson which accompanied the April 15, 2013, discovery requests. See Docket No. 56-1. In that letter, counsel explained that he was enclosing a computer disk containing discovery to which Mr. Thompson was entitled and that the documents on the computer disk were BATES stamped BUTTE CO. 0001 through 1196. Id. Counsel also requested that Mr. Thompson come to his office to have his deposition taken once he had supplied the answers to the enclosed discovery requests. Id.

On April 24, 2013, Mr. Thompson served defense counsel with a document styled "Statement in Lieu of Interrogatories." See Docket No. 59-1. The statement was not under oath and did not answer all of the questions posed in defendants' discovery requests. Id. Mr. Thompson's Statement in Lieu of Interrogatories did not interpose legal objections to the discovery either. Id. In the Statement, Mr. Thompson expressed a willingness to have his deposition

taken on the condition that all defendants "likewise be available for depositions before the Court's Reporter at that time."

On April 30, 2013, counsel for defendants wrote to Mr. Thompson and informed him that his Statement was not an acceptable substitute for answering defendants' interrogatories because the Statement did not address all of defendants' questions. See Docket No. 56-3. Defense counsel warned Mr. Thompson that he needed to answer all of defendants' questions or a motion to dismiss would be forthcoming. Id. No further written responses were rendered by Mr. Thompson.

Instead of immediately moving to dismiss, counsel for defendants tried another tack. He served Mr. Thompson with a notice of his deposition for June 13, 2013, perhaps hoping that an oral dialogue with Mr. Thompson would shed some light on his claims. See Docket No. 56-5. In the letter accompanying the Notice, defense counsel expressed the hope that Mr. Thompson would orally tell him the facts supporting his claims so that the lawsuit could proceed. See Docket No. 56-4.

Mr. Thompson arrived for his deposition at the appointed date, time, and location, but immediately left, refusing to submit to his deposition because defense counsel had not arranged for all the named defendants to be present at the same time so that Mr. Thompson could depose them. It should be noted that Mr. Thompson never, at any time, served defense counsel or defendants with a notice for any of their depositions. Mr. Thompson did not hire a court

reporter and arrange for the reporter's presence on June 13, 2013. Defendants now move to dismiss Mr. Thompson's complaint or, in the alternative, for default judgment against him or for sanctions.

## DISCUSSION

Defendants' motion to dismiss or for default judgment is premised on Federal Rule of Civil Procedure 37. Part (a) of that rule provides in pertinent part as follows:

> **(a) Motion for an Order Compelling Disclosure or Discovery**
> (1) ***In General.*** On notice to other parties . . . a party may move for an order compelling disclosure or discovery. . . .
> . . . .
> (2) ***Specific Motions.***
> . . . .
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if:
> (i) a deponent fails to answer a question asked [in an oral deposition] under Rule 30 . . .;
> . . . .
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34.

See Fed. R. Civ. P. 37(a)(1) and (2). An incomplete or evasive answer to a discovery request is treated the same as failing or refusing to answer. See Fed. R. Civ. P. 37(a)(4). If the motion is granted, the party who failed to provide the discovery requested must pay the attorney's fees and costs occasioned by the making of the motion. See Fed. R. Civ. P. 37(a)(5).

Part (b) of Rule 37 deals with a party's failure to comply with a *court order* requiring disclosure or answers to discovery. See Fed. R. Civ. P. 37(b). Part (b) provides in pertinent part as follows:

> **(b) Failure to Comply with a Court Order.**
> . . . .
>> *(3) Sanctions in the District Where the Action is Pending.*
>> *(A) For Not Obeying a Discovery Order.* If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> . . . .
>>> (v) dismissing the action or proceeding in whole or in part;
>>> (vi) rendering a default judgment against the disobedient party; or
>>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

See Fed. R. Civ. P. 37(b)(3).

As can be seen from the above, dismissal or default judgment are not remedies provided for the mere failure or refusal to respond to a party's discovery request. See Fed. R. Civ. P. 37(a) and (b). Instead, the appropriate remedy is for the court to issue an order compelling the refusing party to provide the discovery and to pay the moving party's attorney's fees and costs as sanctions. See Fed. R. Civ. P. 37(a). The act of dismissing a lawsuit or entering default judgment is reserved for those occasions where a party refuses to comply with a *court's order* requiring them to produce discovery. See Fed. R. Civ. P. 37(b); see also 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Fed. Practice &

Procedure, § 2289, at 669 (2d ed. 1994) (stating that "Rule 37(b) usually has no application if there has not been a court order."). Mr. Thompson has not failed to abide by an order of the court at this juncture of the proceedings, so dismissal and default judgment are inappropriate. See Fed. R. Civ. P. 37(a) and (b).

Based on the above, the court recommends denying defendants' request for dismissal or default judgment as a sanction against Mr. Thompson for refusing to participate in discovery. However, the court will grant sanctions. Mr. Thompson's refusals to provide discovery thus far are unjustified. Both this court and defendants' counsel explained to Mr. Thompson his obligations under the rules governing discovery and this court personally provided Mr. Thompson with copies of the applicable rules. Accordingly, the court will entertain a motion by defense counsel for his attorney's fees in preparing this motion and for the court reporter expenses associated with the failed attempt to depose Mr. Thompson.

The court encourages Mr. Thompson to read the rules that were provided to him and to abide by those rules. Defense counsel's discovery requests were entirely proper. It is incumbent on Mr. Thompson to now provide proper answers.

If Mr. Thompson wishes to depose any of the remaining defendants, he must make arrangements to hire a court reporter, and provide reasonable advance notice to the person to be deposed as to the date, time,

and location of the deposition. The noticing up of Mr. Thompson's deposition does ***not*** involve a reciprocal responsibility on the part of defendants to make arrangements for their own depositions at the same time. Depositions of persons who are not parties to the lawsuit are governed by Fed. R. Civ. P. 45.

Accordingly, based on the foregoing, it is hereby

ORDERED that Mr. Thompson shall, within 30 days of the date of this order, provide proper answers, under oath, to defendants' interrogatories in full compliance with Fed. R. Civ. P. 33. It is further

ORDERED that Mr. Thompson shall, within 30 days of the date of this order, provide proper responses to defendants' requests for the production of documents in full compliance with Fed. R. Civ. P. 34. It is further

ORDERED that Mr. Thompson shall cooperate in the taking of his own deposition upon receiving reasonable notice from defendants of the time, date and place of taking that deposition in full compliance with Fed. R. Civ. P. 30.

\* \* \* \*

**Mr. Thompson is hereby placed on notice that his failure to comply with the above three orders may subject him to the sanction of dismissal of all or part of this action, the entry of default judgment against him, or contempt proceedings against him.**

\* \* \* \*

Finally, it is hereby

ORDERED that if defendants wish to seek monetary sanctions against Mr. Thompson for the bringing of this motion, they must submit a motion for sanctions and an affidavit and supporting documentation within 14 days of the date of this order. Mr. Thompson may then file a response, if he wishes, within 14 days of the date of defendants' motion for attorney's fees and costs. Defendants may file a reply, if desired, within 14 days after receipt of any response by Mr. Thompson to the motion.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration before the district court of the portion of this order compelling Mr. Thompson to provide discovery responses by showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Pursuant to 28 U.S.C. § 636(b)(1)(B), any party may seek *de* novo reconsideration before the district court of the portion of this opinion denying defendants' motion to dismiss or for default judgment. The parties have fourteen (14) days after service of this opinion to file written objections pursuant to 28 U.S.C. § 636(b)(1)(B), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(b).

Failure to file timely objections to either portion of this opinion will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated October 29, 2013.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE